IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

ANTHONY M. PADILLA,

    Plaintiff,                        No. CIV S-09-1862 DAD P

    vs.

MARC K. TIRRELL,                  <u>ORDER AND</u>

    Defendant.                 <u>FINDINGS AND RECOMMENDATIONS</u>

_____/

        Plaintiff is a county jail inmate proceeding pro se. Plaintiff seeks relief pursuant to 42 U.S.C. § 1983 and has filed an application to proceed in forma pauperis under 28 U.S.C. § 1915. This proceeding was referred to the undersigned magistrate judge in accordance with Local Rule 72-302 and 28 U.S.C. § 636(b)(1).

**SCREENING REQUIREMENT**

        The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or employee of a governmental entity. <u>See</u> 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. <u>See</u> 28 U.S.C. § 1915A(b)(1) & (2).

1

1    A claim is legally frivolous when it lacks an arguable basis either in law or in fact.
2 Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28
3 (9th Cir. 1984).  The court may, therefore, dismiss a claim as frivolous where it is based on an
4 indisputably meritless legal theory or where the factual contentions are clearly baseless.  Neitzke,
5 490 U.S. at 327.  The critical inquiry is whether a constitutional claim, however inartfully
6 pleaded, has an arguable legal and factual basis.  See Jackson v. Arizona, 885 F.2d 639, 640 (9th
7 Cir. 1989); Franklin, 745 F.2d at 1227.

8    Rule 8(a)(2) of the Federal Rules of Civil Procedure "requires only 'a short and
9 plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the
10 defendant fair notice of what the . . . claim is and the grounds upon which it rests.'"  Bell Atlantic
11 Corp. v. Twombly, 550 U.S. 544, ___, 127 S. Ct. 1955, 1965 (2007) (quoting Conley v. Gibson,
12 355 U.S. 41, 47 (1957)).  However, in order to survive dismissal for failure to state a claim a
13 complaint must contain more than "a formulaic recitation of the elements of a cause of action;" it
14 must contain factual allegations sufficient "to raise a right to relief above the speculative level."
15 Bell Atlantic, 127 S. Ct. at 1965.  In reviewing a complaint under this standard, the court must
16 accept as true the allegations of the complaint in question, Hospital Bldg. Co. v. Rex Hospital
17 Trustees, 425 U.S. 738, 740 (1976), construe the pleading in the light most favorable to the
18 plaintiff, and resolve all doubts in the plaintiff's favor.  Jenkins v. McKeithen, 395 U.S. 411, 421
19 (1969).

20    The Civil Rights Act under which this action was filed provides as follows:

> Every person who, under color of [state law] . . . subjects, or causes
> to be subjected, any citizen of the United States . . . to the
> deprivation of any rights, privileges, or immunities secured by the
> Constitution . . . shall be liable to the party injured in an action at
> law, suit in equity, or other proper proceeding for redress.

24 42 U.S.C. § 1983.  The statute requires that there be an actual connection or link between the
25 actions of the defendants and the deprivation alleged to have been suffered by plaintiff.  See
26 Monell v. Department of Social Servs., 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362

(1976). "A person 'subjects' another to the deprivation of a constitutional right, within the meaning of § 1983, if he does an affirmative act, participates in another's affirmative acts or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made." Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

Moreover, supervisory personnel are generally not liable under § 1983 for the actions of their employees under a theory of respondeat superior and, therefore, when a named defendant holds a supervisorial position, the causal link between him and the claimed constitutional violation must be specifically alleged. See Fayle v. Stapley, 607 F.2d 858, 862 (9th Cir. 1979); Mosher v. Saalfeld, 589 F.2d 438, 441 (9th Cir. 1978). Vague and conclusory allegations concerning the involvement of official personnel in civil rights violations are not sufficient. See Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

**PLAINTIFF'S COMPLAINT**

In the present case, plaintiff has identified as the sole defendant Solano County Public Defender Marc K. Tirrell. In his complaint, plaintiff alleges that he has repeatedly asked his Public Defender, Mr. Tirrell to perform certain duties that are pertinent to his case, but that Tirrell has refused. In plaintiff's opinion, Mr. Tirrell is providing him with ineffective assistance of counsel, and he has taken on the role of a "surrogate prosecutor" against plaintiff's interests. In the "Relief" section of the form complaint, asking plaintiff to state briefly what he wants the court to do for him, plaintiff requests that the court implement sanctions against Public Defender Tirrell and remove him from representing plaintiff in any criminal case. Plaintiff also requests one million dollars in damages. (Compl. at 3.)

**ANALYSIS**

Under 42 U.S.C. § 1983, plaintiff has a right to be free from violations of constitutional guarantees by those acting under color of state law. Van Ort v. Stanewich, 92 F.3d 831, 835 (9th Cir. 1996). However, plaintiff is advised that public defenders are not "state actors" for purposes of § 1983. See Polk County v. Dodson, 454 U.S. 312, 325 (1981); Miranda

v. Clark County, 319 F.3d 465, 468 (9th Cir. 2003) (en banc); see also Briley v. State of California, 564 F.2d 849, 855 (9th Cir. 1977) (privately-retained attorney does not act under color of state law).

Plaintiff is also advised that this court is barred from directly interfering with his ongoing criminal proceedings in state court, absent extraordinary circumstances. See Younger v. Harris, 401 U.S. 37, 46 (1971); Mann v. Jett, 781 F.2d 1448, 1449 (9th Cir. 1985) ("When a state criminal prosecution has begun the Younger rule directly bars a declaratory judgment action" as well as a section 1983 action for damages "where such an action would have a substantially disruptive effect upon ongoing state criminal proceedings."). Here, plaintiff has not alleged extraordinary circumstances. Younger, 401 U.S. at 48-50. Of course, plaintiff may raise his constitutional claims in his ongoing criminal proceedings in state court. Lebbos v. Judges of the Superior Court, 883 F.2d 810, 813 (9th Cir. 1989) ("Abstention is appropriate based on 'interest of comity and federalism [that] counsel federal courts to abstain from jurisdiction whenever federal claims have been or could be presented in ongoing state judicial proceedings that concern important state interests.'").

Accordingly, for all of the foregoing reasons, the court concludes that plaintiff's complaint must be dismissed.[1]

**CONCLUSION**

IT IS HEREBY ORDERED that the Clerk of the Court is directed to randomly assign a United States District Judge to this action.

---

[1] Plaintiff is advised that a civil rights action is the proper mechanism for a prisoner seeking to challenge the conditions of his confinement. Badea v. Cox, 931 F.2d 573, 574 (9th Cir. 1991). In contrast, habeas corpus proceedings are the proper mechanism for a prisoner seeking to challenge the fact or duration of his confinement. Preiser v. Rodriguez, 411 U.S. 475, 484 (1973). It appears from the face of the complaint that plaintiff's criminal proceedings are ongoing. If, at some point in the future, plaintiff seeks to overturn a state court conviction because of ineffective assistance of counsel, he is advised that a writ of habeas corpus is his sole remedy in federal court which may be pursued only after exhausting all of his constitutional claims in state court.

IT IS HEREBY RECOMMENDED that:

1. Plaintiff's July 7, 2009 motion to proceed in forma pauperis (Doc. No. 2) be denied; and

2. This action be dismissed for failure to state a cognizable claim.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within twenty days after being served with these findings and recommendations, plaintiff may file written objections with the court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: July 14, 2009.

_____
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:9
padi1862.56